IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRENDA R. COLE,            )
                           )
        Plaintiff,         )
                           )
v.                         )   Civil Action No. 3:12CV621-HEH
                           )
HILL PHOENIX, INC.,        )
                           )
        Defendant.         )

## MEMORANDUM OPINION
### (Granting Motion to Dismiss)

Plaintiff Brenda Cole ("Cole"), proceeding *pro se*, brought this action alleging that her employer discriminated against her on the basis of her race and sex in violation of Title VII of the Civil Rights Act of 1964. Her employer, Defendant Hill Phoenix, Inc. ("Hill Phoenix"), moves to dismiss for failure to state a claim. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. For the reasons set forth herein, the court will grant the motion and dismiss the case.[1]

### I. BACKGROUND

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Cole's well-pleaded allegations to be true, and views all facts in the light most

---

[1] On January 17, 2013, Cole filed a "Stipulation Voluntary Dismissal" seeking to dismiss the case on the condition that Hill Phoenix agree to "no further harassment." (ECF No. 11.) It does not appear from the record that Hill Phoenix agreed to the condition and there is no authority permitting a plaintiff to unilaterally condition a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Accordingly, it will be denied.

favorable to her. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Moreover, the court "liberally construe[s]" the Complaint, filed *pro se*, and holds it "to less stringent standards than [a] formal pleading drafted by [a] lawyer[]." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotations omitted). Construed in this fashion, the facts are as follows for purposes of resolving the motion to dismiss.[2]

Cole, an African-American female, has been employed at Hill Phoenix since June 26, 1995. (Compl. Ex. A. at 3, ECF No. 1.) She has held her position as a "Material Handler" since 2001. (*Id.*) Cole "believe[s] [she] has been treated unfairly because of [her] race (Black) and sex (female), and [has] been retaliated against because of [her] prior EEO history." (*Id.*)

In February 2010, three supervisors gave her inconsistent and contradictory instructions. (*Id.*) After Cole failed to complete one of those tasks, the assigning supervisor complained to another supervisor that she had "failed to follow his instructions" and "had been insubordinate." (*Id.*) Cole "has never seen [her] male counterparts subjected to the same set of instructions." (*Id.*)

Cole believes that her supervisors watch her more closely than others on account of "an EEOC charge years ago." (*Id.*) She also claims that Hill Phoenix has retaliated against her for a current EEOC charge by transferring her to a different department,

---

[2] The Complaint itself contained only a generalized allegation of "harassment." (Compl. 1.) However, Plaintiff attached an EEOC charge to the Complaint, which includes more detailed allegations. Essentially, she incorporates the EEOC charge as her allegations, and the facts are gleaned from that document. *See* Fed. R. Civ. P. 10(c); *Thompson v. Greene*, 427 F.3d 263, 268 (4th Cir. 2005) (citations omitted).

untimely delivering a paycheck, and failing to timely provide Plaintiff with a June 2011 performance evaluation to which a "pay raise is attached." (*See id.* at 4.)

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions receive no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. ANALYSIS

The Complaint appears to implicate both the discrimination and retaliation provisions of Title VII. However, Cole fails to state a claim upon which relief can be

3

granted under either provision, because she alleges insufficient factual matter to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

**A. Discrimination**

Title VII forbids an employer from discriminating against an employee with respect to conditions of employment on account of that employee's race or sex. *See* 42 U.S.C. § 2000e-2(a)(1). To state a Title VII claim, a plaintiff must either present direct evidence of discrimination or rely on the *McDonnell Douglas* proof scheme under which the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1972)); *see also Prince-Garrison v. Md. Dep't of Health & Mental Hygiene*, 317 F. App'x. 351, 353 (4th Cir. 2009) (applying *McDonnell Douglas* scheme to 12(b)(6) motion to dismiss Title VII claim). Here, Cole has alleged no direct evidence of employment discrimination. Therefore, the Court will evaluate the Complaint according to the *McDonnell Douglas* framework.

Under *McDonnell Douglas*, the plaintiff must allege facts showing: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004)). "An adverse employment action is a discriminatory act that adversely affect[s] the terms,

conditions, or benefits of the plaintiff's employment." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (citation omitted).

Cole has alleged sufficient facts to indicate that she is a member of a protected class. However, the allegations in the Complaint do not satisfy the other elements of a Title VII gender discrimination claim. The only allegation conceivably related to Cole's gender is the February 2010 incident in which her supervisors gave her conflicting instructions. (*See* Compl. Ex. A. at 3.) But, Cole has not alleged that this isolated event resulted in a reduction in her compensation or in any way altered the conditions of her employment. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006) (stating that the scope of Title VII's discrimination provision is limited to "actions that affect employment or alter the conditions of the workplace"); *Holland*, 487 F.3d at 219 (stating that a discriminatory action must "'adversely affect [] the terms, conditions, or benefits of the plaintiff's employment'" (quoting *James v. Booz-Allen & Hamilton, Inc.*, 358 F.3d 371, 375 (4th Cir. 2004))).

Moreover, the Complaint contains no allegations of any similarly situated employee outside of Cole's protected class. At most, Cole asserts that she has never seen her male counterparts receive conflicting instructions. (Compl. Ex. A. at 3.) Even viewed most favorably to her, that allegation only indicates that Cole is unaware whether her male counterparts are treated differently. That is not a sufficient allegation to raise a Title VII gender discrimination claim that is plausible on its face. *See Iqbal*, 556 U.S. at 679.

## B. Retaliation

Cole also alleges that Hill Phoenix has retaliated against her both for a previous EEOC claim and a current EEOC claim. Title VII prohibits an employer from "discriminat[ing] against any of [its] employees . . . because [s]he has made a charge . . . or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a *prima facie* retaliation claim under this section, a plaintiff must show: "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman*, 626 F.3d at 190 (citing *Mackey v. Shalala*, 360 F.3d 463, 469 (4th Cir. 2004)). Cole's allegations that her employer retaliated against her in response to two EEOC charges satisfy the protected activity element of a Title VII retaliation claim. *See* 42 U.S.C. §§ 2000e-3(a), 2000e-5. The claim fails in all other respects.

Cole claims that Hill Phoenix retaliated against her for filing an earlier EEOC charge by scrutinizing her more closely than others, but she has failed to allege sufficient facts to satisfy Title VII's causation element. Plaintiff asserts, without any factual support, that she believes her employer watches her more closely than others because she "filed an EEOC charge years ago." (Compl. Ex. A. at 3.) Essentially, Cole's allegation of a mere suspicion of causation is all that supports this element. That conclusory

statement alone does not raise a right to relief beyond the speculative level.[3] *See Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Cole alleges that Hill Phoenix retaliated against her for filing a "current charge" with EEOC by belatedly giving Cole her paycheck, by transferring Cole to a different department, and by failing to give Cole a June 2011 performance evaluation. (Compl. Ex. A. at 4.)[4] None of these actions constitute "adverse employment action" for Title VII purposes.

Cole's allegation that Hill Phoenix untimely transmitted a paycheck to her does not establish a plausible right to relief under Title VII. Once she apprised the human resources department of the late payment, Hill Phoenix "[took] care of the matter." (*Id.*) The temporary delay between Cole's complaint about a late paycheck and receipt of that paycheck may have inconvenienced Cole, but that delay does not reach the level of the sort of "adverse employment action" required to establish a Title VII claim. *Cf. Gustin v.*

---

[3] The lapse in time between Hill Phoenix's purportedly heightened scrutiny of Cole and Cole's EEOC charge, though not apparent from the face of the pleadings, appears to be substantial. Cole filed that charge "years ago." The Court will infer that, at minimum, two years have elapsed. That lapse in time further reduces the likelihood of any causal connection between the allegedly adverse employment action and protected activity. *See Dowe v. Total Action Against Poverty in Roanoke*, 145 F.3d 653, 657 (4th Cir. 1998) (citation omitted) ("A lengthy time lapse between the employer becoming aware of the protected activity and the alleged adverse employment action . . . negates any inference that a causal connection exists between the two.").

[4] Plaintiff's Complaint references a number of other instances of alleged wrongdoing on the part of Defendant including: an incomplete 2010 performance evaluation, a hostile and unsupportive supervisor in Ms. Gray, a transfer to the receiving department, and an unfavorable alteration in scheduling practices. (Compl. Ex. A. 3-5.) Plaintiff makes no attempt to connect those actions to any protected activity. Therefore, she has not raised a plausible right to relief under Title VII with regard to those actions. *See Twombly*, 550 U.S. at 555 (citations omitted); *Coleman*, 626 F.3d at 190 (citing *Mackey*, 360 F.3d at 469 (4th Cir. 2004)).

*W. Va. Univ.*, 63 F. App'x 695, 700 (4th Cir. 2003) (holding that a professor's temporary removal from a committee was not an adverse employment action); *Amaram v. Va. State Univ.*, No. 3:07CV396-HEH, 2008 WL 876966, at *3 (E.D. Va. Mar. 31, 2008) (holding that a professor's temporary removal from tenured status and reduction in salary were not adverse employment actions). Furthermore, Cole has not alleged any facts to show a causal nexus between her EEOC charge and Hill Phoenix's actions. The Complaint contains only a conclusory allegation that the paycheck incident was in retaliation for an EEOC charge. Without more, Cole has not sufficiently pleaded causation. *See Coleman*, 626 F.3d at 190 (a retaliation claim requires "a causal link between the protected activity and the employment action"); *Brackman v. Fauquier Cnty.*, 72 F. App'x 887, 894 (2003) (a plaintiff's mere belief that retaliation has occurred "alone is insufficient").

Similarly, Cole has failed to allege facts creating a plausible right to relief based on her transfer to a different department. "The mere fact that a new job assignment is less appealing to the employee . . . does not constitute adverse employment action." *Holland*, 487 F.3d at 219 (citations omitted). "Absent any decrease in compensation, job title, level of responsibility, or opportunity for promotion, reassignment to a new position commensurate with one's salary level does not constitute an adverse employment action even if the new job does cause some modest stress not present in the old position." *Id.* (citations omitted). Cole did not allege any decrease in salary, job title, level of responsibility, or opportunity for promotion. Her dislike of the new position, alone, does not transform the transfer into an adverse employment action. Furthermore, the

8

Complaint contains only a conclusory allegation that Cole's transfer was in retaliation for her EEOC charge. *See Iqbal*, 556 U.S. at 678-79. Accordingly, this claim will be dismissed.

Finally, the Complaint does not establish a plausible right to relief based on Cole's claim that Hill Phoenix retaliated against her by untimely conducting her June 2011 performance evaluation. The Court will assume, *arguendo*, that the untimely evaluation could constitute an adverse employment action. Since "a pay raise is attached to the evaluation," a reasonable employee in Cole's position might find the failure to perform an evaluation requisite for promotion to be "materially adverse." *See Burlington N. & Santa Fe Ry. Co.*, 548 U.S at 68 (to establish a retaliation claim "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination"); *cf. Chaudry v. Nucor Steel-Indiana*, 546 F.3d 832, 838 (7th Cir. 2008) (holding that the denial of an opportunity that precluded a plaintiff from receiving a pay raise alleged a materially adverse action). However, the Complaint contains only conclusory statements linking Hill Phoenix's conduct to Cole's current EEOC charge. Accordingly, the retaliation claim will be dismissed for failure to sufficiently allege the causation element.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the Motion to Dismiss pursuant to Rule 12(b)(6) filed by Defendant Hill Phoenix, Inc. and dismiss the Complaint.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Feb 7, 2013
Richmond, Virginia

10